tion." *Commonwealth v. Prestidge*, 372 Pa.Super. 282, 286–287, 539 A.2d 439, 442 (1988). We find no such abuse.

Judgment of sentence affirmed.

Carolyn V. CROFT, Evelyn G. Fleming, Mary E. Gamble, Carl E. Helman, Jr., Christopher P. Maghee, Joseph B. Moyer, Vernelda M. Timmons, Louise B. Steadman, Joan B. Gipe, Petitioners,

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued May 10, 1995.

Decided July 6, 1995.

Robert E. Graham, Jr., for petitioners.

Norina K.S. Stone, for respondent.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

SMITH, Judge.

Carolyn V. Croft, Evelyn G. Fleming, Mary E. Gamble, Carl E. Helman, Jr., Christopher P. Maghee, Joseph B. Moyer, Vernelda M. Timmons, Louise B. Steadman, and Joan B. Gipe (collectively Claimants) petition for review of the orders of the Unemployment Compensation Board of Review (Board) that affirmed the referee's denial of benefits pursuant to Section 402.1(2) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802.1(2).

The issues raised for review are whether the Board erred in concluding that Claimants are ineligible for benefits where the weeks at issue occurred between two successive academic years and Claimants had received reasonable assurance that they would perform their services in the second of the academic years; and whether the Board erred in refusing to consider documents attached to Claimants' briefs to the Board submitted after the close of the records. In addition, this Court must consider a motion by the Board to quash Claimants' petition for review.

I.

Eight of the nine Claimants have been employed as houseparents by the Scotland School for Veterans' Children (Employer), and Maghee has been a dormitory counsellor there, for periods ranging from approximately nine to nineteen years. Employer is a residential elementary and secondary educational facility for children of Pennsylvania war veterans. Employer's academic year begins in mid-to-late August and continues until early to mid-June, providing a minimum of 180 days of education to its students as required of all public schools in Pennsylvania. Employer provides a residence for its students during the academic year and, for some students, for a few days before and after the academic year. As houseparents, Claimants provide home life services to the students when they are on campus. Maghee, as dormitory counsellor, provides guidance and supervision to the students. All Claimants are directly involved in the care and guidance of the students.

Beginning with the summer of 1991, none of the Claimants worked as a year-round employee because no work was available to houseparents during the period between academic years. In 1993, Employer determined that it did not have funds in its anticipated budget for a 1993 summer program, and, by letters dated May 24, 1993, Employer informed Claimants that June 11, 1993 would be the last day of available work for the 1992–93 academic year. The letters also advised Claimants that their respective positions would be available to them at the beginning of the 1993–94 academic year, projected

to commence on August 24, 1993.[1]

Claimants filed for unemployment compensation benefits which were denied by the Cumberland Valley Job Center and by the referee pursuant to Section 402.1(2) of the Law. On appeal, the Board issued orders for remand hearings; following those hearings eight of the Claimants submitted briefs to the Board. Attached to the Claimants' briefs were several documents regarding the availability of funding for summer programs, that Claimants asserted were entered into evidence at the remand hearing for Timmons held March 21, 1994. The Board subsequently affirmed the referee and denied benefits pursuant to Section 402.1(2) of the Law, which provides:

> With respect to services performed after October 31, 1983, in any other capacity for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms.

In nine separate opinions, the Board concluded that because the weeks at issue occurred in a period between two successive academic years, and Claimants received reasonable assurance that they would perform such services in the second of the academic years, they were ineligible for benefits. The Board also stated that because Claimants submitted briefs with several documents attached that had not been admitted into the record at the hearings, the Board would not consider such evidence submitted after the close of the records, although the Board did not include this statement in its opinions for Timmons and Gipe. Claimants petitioned to this Court

1. Each letter also contained an acceptance of assurance form and instructed each Claimant to return the form if he or she intended to return to work on August 24, 1993. Five of the Claimants signed and returned the form, but four did not.

2. This Court's scope of review in unemployment compensation cases is to determine whether the

and the Board filed its motion to quash Claimants' petition.[2]

## II.

### A.

At the outset, this Court must address the Board's motion to quash Claimants' petition for review where such petition constitutes a single appeal from nine separate orders of the Board. The taking of one appeal from several judgments is not acceptable practice and is discouraged. *General Electric Credit Corp. v. Aetna Casualty & Surety Co.,* 437 Pa. 463, 263 A.2d 448 (1970). While Pennsylvania courts have disapproved of the taking of one appeal from multiple orders, the courts have nevertheless been reluctant to quash such appeals. *Van Duser v. Unemployment Compensation Board of Review,* 164 Pa.Commonwealth Ct. 96, 642 A.2d 544 (1994). *See also M.A. Bruder & Sons, Inc. v. Unemployment Compensation Board of Review,* 145 Pa.Commonwealth Ct. 329, 603 A.2d 271 (1992) (employer filed a single petition for review involving nine orders entered by the Board disposing of nine related claims by employees held eligible for benefits where evidence showed they did not participate in work stoppage).

Courts have allowed one appeal from multiple orders to be considered on the merits where the circumstances lead the reviewing court to the conclusion that the merits should be reached. *General Electric Credit Corp.; Luzzi v. State Horse Racing Commission,* 120 Pa.Commonwealth Ct. 215, 548 A.2d 659 (1988); *see also McGuill v. Unemployment Compensation Board of Review,* 105 Pa.Commonwealth Ct. 222, 523 A.2d 1194 (1987). An appellate court maintains the discretion to refrain from quashing a single appeal from several final orders. *Miller v. Keystone Ins. Co.,* 402 Pa.Superior Ct. 213, 586 A.2d 936 (1991), *reversed on*

findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *E.B.S. v. Unemployment Compensation Board of Review,* 150 Pa.Commonwealth Ct. 10, 614 A.2d 332 (1992).

*other grounds,* 535 Pa. 531, 636 A.2d 1109, *cert. denied,* —— U.S. ——, 115 S.Ct. 202, 130 L.Ed.2d 132 (1994). Among the factors this Court may consider when refusing to quash a single appeal from multiple final orders is whether such course would serve the interests of judicial economy. *Turtzer v. Unemployment Compensation Board of Review,* 111 Pa.Commonwealth Ct. 549, 534 A.2d 848 (1987).

■ The Board contends that this Court must quash Claimants' petition for review because of what the Board refers to as "a three-part conjunctive test" provided in *General Electric Credit Corp.* and that allowing a joint appeal from multiple orders would amount to an amendment to Pa.R.A.P. 512 governing the filing of joint appeals. A full reading of *General Electric Credit Corp.* demonstrates that a variety of circumstances may be considered, and no one factor is necessarily dispositive. Moreover, the failure to consolidate proceedings below and to identify one person as representative Claimant does not preclude this Court's acceptance of the single appeal under the circumstances of this case.

■ In the present matter, the factual scenario presented is virtually identical for each Claimant. Moreover, the Board's nine opinions are identical save for the minor differences noted above. The issues raised as to all orders are precisely the same. In addition, if the appeal were quashed, the statutory period allowed for appeal would have already expired, precluding the institution of proper appeals. Therefore, in the exercise of this Court's discretion and in the interest of judicial economy, the Board's motion to quash is denied.[3] Nevertheless, the practice of filing one appeal from multiple orders is strongly disapproved and in the future, the Court will quash single appeals from multiple orders unless otherwise dictated by compelling circumstances.

B.

■ Claimants argue that the Board was required to consider the documents attached to their briefs on appeal to the Board after the close of the records. A review of the records reveals that these exhibits were introduced into evidence only at the March 21, 1994 hearing regarding Timmons' claim. The Board may not consider post-hearing factual communications in its determination, as the Board is restricted to the facts and the law pertinent to the issues involved on the basis of evidence *previously* submitted. *Perrelli v. Unemployment Compensation Board of Review,* 57 Pa.Commonwealth Ct. 605, 426 A.2d 1272 (1981). Because the proffered documents were never entered into the record in eight of the nine cases, the Board was justified in refusing to consider them for those eight cases.

■ This Court may not consider auxiliary information appended to a brief that is not part of the certified record on appeal, *McKenna v. Pennsylvania State Horse Racing Commission,* 83 Pa.Commonwealth Ct. 116, 476 A.2d 505 (1984), and the documents in question accordingly will not be considered except in the instance of Timmons. To that limited extent, Timmons' Exhibits 1 and 2 nevertheless fail to support Claimants' argument that the Board erred in denying benefits on the basis of Section 402.1(2) of the Law. Claimants argue, in essence, that because funding was available for some summer programs, work should have been available and they should therefore be considered year-round employees eligible for benefits. Claimants contend that *Department of Education, Scotland School for Veterans' Children v. Unemployment Compensation Board*

---

3. The Board further contends in its brief on the merits that Claimants' appeal should be quashed because of procedural deficiencies in Claimants' brief on the merits, which include lack of an argument section (Claimants have apparently mislabeled their argument as "summary of the argument"); failure to make sufficient reference to the record; failure to state the precise relief sought; and failure to list page numbers in the table of contents and table of citations. Although Claimants' brief is not in full compliance with the Pennsylvania Rules of Appellate Procedure, its defects are not so substantial so as to preclude meaningful appellate review. *See Borough of Riegelsville v. Miller,* 162 Pa.Commonwealth Ct. 654, 639 A.2d 1258, *appeal denied,* 538 Pa. 675, 649 A.2d 676 (1994); *Hartman v. Workmen's Compensation Appeal Board (Moyer Packing Co.),* 161 Pa.Commonwealth Ct. 255, 636 A.2d 1245 (1994).

*of Review,* 134 Pa.Commonwealth Ct. 80, 578 A.2d 78 (1990), is dispositive.

In *Scotland School,* a claimant employed as a houseparent at a residential school sought unemployment compensation benefits for the summer weeks in which she did not work. The Board granted benefits, determining that the claimant was not an employee of the academic year but was instead a year-round employee. This Court agreed because, in addition to her full-time houseparent services during the regular school year, claimant was scheduled as much as possible during the summer session and continued her duties for those students who resided at school year-round. The Court held that evidence of such regular summer scheduling supported the finding that she was a year-round employee. The instant matter is distinguishable from *Scotland School* in that Claimants were not scheduled for the 1993 summer session and, indeed, had not been scheduled for the summer session for the prior two years.

As suggested by the Board, the present matter is similar to that presented in *DeLuca v. Unemployment Compensation Board of Review,* 74 Pa.Commonwealth Ct. 80, 459 A.2d 62 (1983), in which this Court affirmed the Board's denial of benefits. In that case, a teacher had been traditionally proffered employment contracts that covered the regular school year and the summer session. In 1980, budget constraints forced cutbacks in the summer program, and the teacher was not offered a summer position but was offered a new contract beginning in the fall. The Court specifically rejected the claimant's contention that the Board must look to the actual reason for a claimant's unemployment and whether claimant desired to work and held that such matters are beyond the scope of the Board's consideration.

Similarly, because budget constraints sub judice forced Employer here to cut back its summer program, the Board appropriately recognized that such factors should not be considered. Moreover, the legislature saw fit to disqualify school employees from receiving benefits during summer and other term breaks. *Scotland School.* It is well settled that teachers and other school employees not working during term breaks who can reasonably expect to return are not entitled to unemployment compensation benefits. *DeLuca.* Accordingly, the nine orders issued by the Board regarding the respective Claimants are hereby affirmed.

### ORDER

AND NOW, this 6th day of July, 1995, the orders of the Unemployment Compensation Board of Review are hereby affirmed, and the motion to quash filed by the Board is denied.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. The majority's denial of the Unemployment Compensation Board of Review's (Board) motion to quash a single Petition for Review by nine Claimants from nine Board orders does nothing to discourage the taking of one appeal from multiple orders. While like the majority I would not quash, unlike the majority, I would not allow the appeal to proceed as a single appeal because nowhere is that authorized by the Pennsylvania Rules of Appellate Procedure. I would preserve the Claimants' filing date but require separate individual appeals to be filed for each appeal. If we would desire to consolidate for argument that is within our discretion to so order, but that decision should not be left for appellants when they decide to appeal multiple orders arising out of separate proceedings in one appeal.

Claimants were employed by Scotland School for Veterans' Children (Employer), a residential elementary and secondary educational facility for children of Pennsylvania war veterans. Because there was no work available between academic years in 1993 during the summer months, Employer informed Claimants that they would be "laid off" for that period but work would be again available on August 24, 1993. Claimants filed separate appeals with the Board and those appeals made their way through the system independently of each other, albeit on a parallel course. In nine separate orders, one for each Claimant, the Board denied the request for benefits. Without seeking con-

solidation below, Claimants joined together and took one appeal from the nine separate orders of the Board. In allowing the appeal to proceed as filed, the majority, while admitting the practice is discouraged (*see* note to Pa.R.A.P. 512), does nothing to provide a disincentive for this to happen in the future.

One appeal from multiple orders is discouraged because the concept of a separate appeal from a separate order is at the core of the Pennsylvania Rules of Appellate Procedure. The entry of the order determines when, how and who can appeal.[1] The practice of multiple parties taking one appeal from separate orders is even more unacceptable because it allows appellants to *sua sponte* consolidate their actions on appeal when that should have been done earlier in a motion to consolidate before the hearing tribunal. To see whether we can carry out our appellate functions, thrust upon us then is the necessity to make a determination as to whether the appeal involves common questions of law or fact, or arise from the same transaction or occurrence so that a common appeal is proper. *See* Pa.R.C.P. No. 213.

While the practice is unacceptable where one party takes one appeal from multiple orders, and even more unacceptable where, as here, multiple parties take one appeal from multiple orders, we have been reluctant to take the draconian step to quash the appeal.[2] Pa.R.A.P. 1511[3] gives us the discretion to preserve the filing date and require the appellant to take the appropriate measures to perfect the appeal. It provides:

Review under this chapter shall be obtained by filing a petition for review with the prothonotary of the appellate court within the time allowed by Rule 1512 (time for petitioning for review). Failure of a petitioner for review to take any step other than the timely filing of a petition for review does not affect the validity of the review proceeding, but is grounds only for such action as the appellate court deems appropriate, which may include dismissal of the review proceeding.

Even though under Rule 1511 the filing date is preserved and it allows us to exercise our discretion not to quash an appeal, nothing in this Rule allows us to ignore the requirement that there be a separate appeal for a separate order.[4] To put the appeals in the proper procedural posture and to discourage appellants from not following the Rules' requirement of a single appeal for every order, I would not reach the merits and enter an order that Claimants have 30 days to file separate appeals from separate orders or their appeal will be dismissed.

DOYLE, J., joins in this dissent.

---

1. For example: Pa.R.A.P. 301 provides "[n]o order shall be appealable until it has been entered upon the appropriate docket in the lower court." Subsection (b) goes on to provide "every order shall be set forth in a separate docket"; Pa.R.A.P. 341 provides "an appeal may be taken as of right from any final order of an administrative agency"; Pa.R.A.P. 501 provides "any party who is aggrieved by an appealable order, may appeal therefrom"; Pa.R.A.P. 903 provides that "the notice of appeal ... shall be filed within 30 days of the entry of the order from which the appeal is taken." Because this is an appeal from an administrative agency, the manner is governed by the confusing Chapter 15 of the Rules which governs both appeals to this court as well as actions to our original jurisdiction. Pa.R.A.P. 1512 provides that the "petition for review of a quasi judicial order or order ... shall be filed with the prothonotary of the appellate court...."

2. *See Philadelphia Federation of Teachers, Local No. 3 v. Board of Education,* 458 Pa. 342, 327 A.2d 47 (1974); *General Electric Credit Corp. v.*

*Aetna Casualty and Surety Co.,* 437 Pa. 463, 263 A.2d 448 (1970); and *Department of Transportation, Bureau of Driver Licensing v. Slack,* 153 Pa.Commonwealth Ct. 4, 623 A.2d 364 (1992), *overruled on other grounds, Department of Transportation, Bureau of Driver Licensing v. Buss,* 154 Pa.Commonwealth Ct. 118, 623 A.2d 369 (1993).

3. Pa.R.A.P. 902 has a similar provision relating to appeals from trial courts.

4. In *Brogan v. Department of Transportation, Bureau of Driver Licensing,* 164 Pa.Commonwealth Ct. 559, 643 A.2d 1126 (1994), we affirmed the dismissing of a single appeal from multiple orders. That outcome is unaffected because that related to how an appeal is perfected to a trial court where the appellate rules do not apply, and whether the trial court exercised discretion properly.