## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaka D. Ritter,                           :
                                           :
               Petitioner                  :
                                           :
          v.                               : No. 1514 C.D. 2015
                                           : Submitted: March 24, 2016
Unemployment Compensation                  :
Board of Review,                           :
                                           :
               Respondent                  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                     **FILED:  June 13, 2016**


Shaka D. Ritter (Claimant) petitions for review of the May 29, 2015 order of the Unemployment Compensation Board of Review (Board) concluding that Claimant was ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law[1] (Law) because Claimant failed to contact Volt Management (Employer) to provide notice that she would be absent from her temporary work assignment with Schneider Electric as required by Employer's policy.  We affirm.

Claimant filed for unemployment compensation on February 22, 2015.  (Record Item (R. Item) 1, Claim Record.)  On February 25, 2015, Claimant

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to discharge for willful misconduct connected to his or her work.  43 P.S. § 802(e).

filled out a questionnaire with the Department of Labor and Industry (Department) by telephone, and on March 10, 2015, the Department conducted an oral interview with Claimant. (R. Item 2, Claimant Questionnaire; R. Item 4, Oral Interview.) The Department issued a Notice of Determination on March 11, 2015, finding Claimant voluntarily quit her employment with Employer due to a necessitous and compelling reason because she had been incarcerated on false charges and she was, therefore, not disqualified from receiving unemployment compensation benefits. (R. Item 5, Notice of Determination.) Employer appealed the Notice of Determination and a hearing was held before the Referee on April 8, 2015. (R. Item 6, Employer's Petition to Appeal; R. Item 9, Hearing Transcript (H.T.).)

Claimant did not appear at the hearing before the Referee. (R. Item 9, H.T.) Two witnesses appeared and testified on behalf of Employer: Kevin Carson, Employer's Project Manager, and Baibureh Kamara, Employer's Onsite Recruiter. (*Id.* at 1.) Both of Employer's witnesses testified that Claimant was a stellar employee. (*Id*. at 6, 8.) However, Mr. Carson testified that Employer has a policy that requires employees to contact Employer when an employee is unable to work the employee's designated shift with one of Employer's clients, whether because of lateness or absence. (*Id*. at 6.) Mr. Carson testified that Claimant did not show up for her December 18, 2014 shift with Employer's client. (*Id*. at 4.) Mr. Carson testified that Employer received an email from its client, which stated that someone in the office had received a voicemail reporting that Claimant was in central booking and would not be available for work. (*Id*. at 4.) Both of Employer's witnesses testified that she did not contact Employer until February 2015, when she was released from prison and cleared of any wrongdoing. (*Id*. at 4, 5, 6.) Based on the testimony at the hearing, the Referee concluded that Employer had demonstrated that Claimant committed willful misconduct by failing to report her

2

absence from work to Employer and that because Claimant had not appeared at the hearing, there was no evidence to support a finding of good cause for Claimant's violation of Employer's policy. (R. Item 10, Referee Decision and Order.) Claimant appealed the Referee's decision and order to the Board. (R. Item 11, Claimant's Petition to Appeal.)

On May 29, 2015, the Board issued a decision and order concluding Claimant was not eligible to receive unemployment compensation due to termination from employment for willful misconduct. (R. Item 12, Board's Decision and Order.) In its decision, the Board made the following findings of fact:

1. [Claimant] was last employed as a temp-to-hire warehouse associate by [Employer], assigned to Schneider Electrical, from March 17, 2014, until December 17, 2014, at a final rate of $13.00 per hour.

2. [Employer] has a policy that requires employees to contact it if they are going to be late or absent from their assignment.

3. [Claimant] should have been aware of this policy.

4. [Claimant] was arrested and incarcerated on December 18, 2014.

5. [Employer] was unable to reach [Claimant]. [Employer] did not know of any family members in the area.

6. On December 30, 2014, [Employer] discharged [Claimant] for job abandonment.

7. [Claimant] contacted [Employer] in mid-February 2015. [Claimant] explained that she had been unable to contact [Employer] while she was incarcerated.

8. Schneider Electrical would not take [Claimant] back because of her absence while incarcerated. [Employer] did not have any other assignments for [Claimant].

3

(*Id*., Findings of Fact (F.F.) ¶¶1-8.)  In addition to its findings, the Board discussed the evidence before it and stated:

> When [Claimant] was arrested and incarcerated, no one contacted [Employer].  [Claimant] failed to contact [Employer] until she was released from jail.  [Employer] has shown that [Claimant] violated its policy.  The burden is then shifted to [Claimant] to establish good cause for her actions.
>
> [Claimant] did not appear for the hearing.  Unfortunately, although the [Employer's] witness testified that [he] did not believe [Claimant] had access to a phone or any family in the area, the record does not contain firsthand testimony that [Claimant] was unable to comply with the policy.  Therefore, the Board must conclude [Claimant] did not have good cause for her failure to report her absence to [Employer].

(*Id*., Decision and Order at 2.)  Claimant sought reconsideration from the Board and following the Board's denial of her request, appealed to this Court for review of the Board's decision.  (R. Item 13, Request for Reconsideration; R. Item 14, Denial of Reconsideration.)

Upon review, we must agree with the Board.  Claimant argues on appeal that she had a necessitous and compelling reason to involuntarily terminate her employment.  In support of this argument, Claimant relies on evidence that is not part of the certified record in order to demonstrate that she took steps to preserve her employment.  In unemployment compensation matters, this Court must base its appellate review on the record created below and certified to this Court; we are prohibited from considering factual information introduced for the first time in a claimant's brief or other materials submitted along with a claimant's appeal of the Board's decision.  *Croft v. Unemployment Compensation Board of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995).  Claimant had a full and fair

4

opportunity to introduce evidence before the Referee to show that she had a necessitous and compelling reason to terminate her employment and that she took steps to preserve her employment, or that she had good cause for her violation of Employer's absence policy. (R. Item 8, Notice of Hearing w/ List Identifying Issues For Consideration.) Claimant did not appear at the hearing before the Referee. In addition, Claimant did not offer any grounds to explain her failure to appear at the hearing in her appeal to the Board, such as lack of notice. As a result, Claimant, like Employer and this Court, is bound by the factual record created before the Referee and cannot rely on evidence that is absent from the certified record.

Willful misconduct is defined as a: (a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rules; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997). Where a claimant is alleged to have violated a work rule or policy, the employer has the burden to prove that the claimant was aware of the rule or policy and that claimant violated the rule or policy. *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011).

Employer's witness, Mr. Carson, testified that Employer has a policy that requires employees to contact Employer when an employee will be unable to work the employee's designated shift with one of Employer's clients. (R. Item 9, H.T. at 6.) Mr. Carson further testified that this policy is included in Employer's employee agreement and that Claimant signed the agreement acknowledging she read and understood its contents. (*Id*.) Finally, Mr. Carson testified that Claimant

5

violated Employer's policy by failing to contact Employer to alert it that she would be unavailable for her shift on December 18, 2014 and thereafter until February 2015. (*Id.* at 4.) Based on this evidence, the Board found that Employer had an absence policy, Claimant was aware of the policy, and Claimant violated the policy. (R. Item 12, F.F. ¶¶2, 3, 5.)

Under the law, these findings were sufficient to satisfy Employer's burden of proof and shift the burden to Claimant to establish good cause for her violation of Employer's absence policy. In order to demonstrate good cause, Claimant had to show that her failure to report her absence was due to being incarcerated through no fault of her own. *Miller v. Unemployment Compensation Board of Review*, 131 A.3d 110, 114 (Pa. Cmwlth. 2015); *Bruce v. Unemployment Compensation Board of Review*, 2 A.3d 667, 677 (Pa. Cmwlth. 2010). Claimant did not appear at the hearing and offer evidence to support the conclusion that she had good cause for her actions. While Employer's witnesses offered testimony sympathetic to Claimant that speculated as to what took place, this testimony was hearsay and could not support the findings of fact necessary to conclude that Claimant had good cause for her actions. *Walker v. Unemployment Compensation Board of Review*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976) ("a finding of fact based solely of hearsay will not stand").

Accordingly, the order of the Board is affirmed.


_____
**JAMES GARDNER COLINS, Senior Judge**


6

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Shaka D. Ritter,              :
                               :
             Petitioner        :
                               :
             v.                 :   No. 1514 C.D. 2015
                               :
Unemployment Compensation    :
Board of Review,                :
                               :
             Respondent      :

# **O R D E R**

AND NOW, this 13th day of June, 2016, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.

 

_____
**JAMES GARDNER COLINS, Senior Judge**