# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Wishard, :
                  Petitioner :
                       :
     v. : No. 247 C.D. 2019
                       : Submitted: September 6, 2019
Unemployment Compensation :
Board of Review, :
                Respondent :

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED:  October 24, 2019**

Petitioner Cynthia Wishard (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board).  The Board affirmed a decision of the Unemployment Compensation Referee (Referee), denying Claimant unemployment compensation benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law),[1] relating to voluntary separation without cause of a necessitous and compelling nature.  For the reasons set forth below, we affirm the order of the Board.

Claimant applied for unemployment benefits on August 19, 2018, after separating from her part-time position as a Retail Sales Associate with Wal-Mart

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

Associates, Inc. (Employer). (Certified Record (C.R.), Item No. 9 at 1; Item No. 8 at 5.) The Altoona UC Service Center (Service Center) determined that Claimant was ineligible for unemployment compensation benefits for the waiting week ending August 25, 2018. (C.R., Item No. 4 at 1.) Claimant appealed the Service Center's determination, and a Referee conducted a hearing. (C.R., Item No. 8.) Both Claimant and Employer's representative, Ryan Cooper, testified at the hearing before the Referee. (*Id.*)

Claimant testified to the circumstances surrounding her separation from employment, asserting that she did not voluntarily quit her position with Employer. (*Id.* at 5-6.) Claimant testified that she worked as a part-time Retail Sales Associate in the Lawn and Garden Department for Employer and received $11.22 per hour as compensation. (*Id.* at 5.) After being on a medical leave of absence for her mental health from April 2018 until June 2018, Claimant returned to work on June 15, 2018. (C.R., Item No. 2 at 3; Item No. 8 at 5.) Claimant last worked for Employer on June 15, 2018. (C.R., Item No. 8 at 5.) Claimant testified that, on that day, Claimant worked for Employer in the Lawn and Garden Department. (*Id.* at 6.) One of her co-workers, while in the presence of Claimant's manager, insulted Claimant by calling her lazy. (*Id.* at 6-7, 11.) The supervisor told Claimant not to worry about it and that he would take care of it later. (*Id.* at 7.) Later that day, Claimant met with Employer's store manager and personnel manager. (*Id.* at 8-9.) The store manager informed Claimant that, during Claimant's absence, Employer hired a replacement for her position in the Lawn and Garden Department. (*Id.* at 8.) Employer also informed Claimant that she would no longer work in the Lawn and Garden Department. (*Id.*) Instead, Employer reassigned her to work as a cashier. (*Id.* at 8-9.) Claimant testified that she could not work in the cashier position due to her

disability, but she did not testify as to whether she informed the store manager. (*Id.* at 8-9.) Instead, she testified that she did not provide Employer with any medical documentation explaining her inability to perform in the cashier position. (*Id.* at 9.) According to Claimant, Employer's personnel manager stated: "[W]ell[,] we might as well let you leave." (*Id.* at 9.) When asked to clarify as to whether Claimant believed the personnel manager intended that Claimant could leave for lunch or for good, Claimant stated that she thought the manager meant "for good." (*Id.*) She then left for lunch and did not come back. (*Id.*) Claimant stated that over the next couple of days, Employer "bugged her all the time . . . to come back," but she told Employer she was not coming back. (*Id.* at 9-10.)

Mr. Cooper, Employer's Assistant Manager, testified on behalf of Employer. (*Id.* at 1-2.) He testified that Claimant voluntarily quit her position with Employer. (*Id.* at 6, 11.) He explained that Claimant was on leave during the Lawn and Garden Department's busy season, so Employer filled her position in her absence and no longer had a position available for her in that Department. (*Id.* at 11.) When Claimant returned, Employer had a vacant cashier position available for her that would give her the same flexible schedule of hours and pay level as her previous position in the Lawn and Garden Department. (*Id.* at 11-12.) Mr. Cooper believed that Claimant was able to perform the duties of the cashier position because Claimant sometimes performed cashier duties while working in the Lawn and Garden Department. (*Id.* at 12.) He was not aware of Employer having discharged Claimant at any point. (*Id.*) Employer attempted to contact Claimant multiple times as it had continuing work available for Claimant. (*Id.*) Claimant never returned any of Employer's calls. (*Id.*)

3

On rebuttal, Claimant testified that twelve other co-workers had left Employer due to the poor work atmosphere with Employer. (*Id.* at 13.) She insinuated that she no longer works for Employer for reasons related to her mental health and Employer's treatment of her. (*Id.*)

Following the hearing, the Referee issued a decision, concluding that Claimant was ineligible for unemployment compensation benefits under Section 402(b) of the Law. (C.R., Item No. 9 at 2-3.) The Referee issued the following findings of fact:

> 1. For purposes of this appeal, the claimant filed an application for benefits dated August 19, 2018 that established a weekly benefit amount equal to $102.00 and a partial benefit credit equal to $31.00.
>
> 2. For purposes of this appeal, the claimant was last employed on June 15, 2018 [as] a part-time Retail Sales Associate for Walmart working 20 hours per week and earning $11.22 per hour.
>
> 3. The claimant went out on a personal medical leave on April 20, 2018.
>
> 4. When the claimant went out on leave, she worked in the lawn and garden department.
>
> 5. Between April and June 2018, the employer entered their peak season for the lawn and garden department.
>
> 6. The employer was unable to maintain the claimant's position in that department.
>
> 7. On June 15, 2018, the claimant was released to return to work without restrictions.

4

8. On June 15, 2018, the employer advised the claimant that she was going to be moved to a cashier position because her position had been filled.

9. The claimant was going to receive the same rate of compensation and her hours would be comparable based on her availability.

10. The claimant could perform the cashier function.

11. The claimant left the meeting for lunch and never returned to work.

12. The employer attempted to contact the claimant on multiple occasions but she did not return their calls.

13. On June 15, 2018, the claimant voluntarily resigned her employment due to her dissatisfaction with the transfer.

14. Continuing work was available.

(*Id.*)

Claimant appealed to the Board. (C.R., Item No. 10.) The Board affirmed the order of the Referee, concluding that Claimant was ineligible for benefits because she voluntarily quit her position and failed to prove that she had a necessitous and compelling reason to quit. (C.R., Item No. 11.) In doing so, the Board adopted and incorporated the Referee's findings of fact and conclusions of law. (*Id.* at 1.) The Board offered the following reasoning:

> The claimant testified that she has a disability and could not work in the cashier position for that reason. However, the claimant did not establish the nature of her disability or how it allegedly affected her ability to work in the cashier position. The claimant admitted that she did not provide the employer with any medical documentation restricting her from working in the cashier position. The claimant testified that she was off work for mental health

5

reasons, prior to returning to work, but has not established that adequate health reasons existed to justify leaving her employment. The employer credibly testified that the claimant had performed the duties of a cashier when she worked in the lawn and garden department prior to her leave of absence. . . . On appeal, the claimant provides documentation absent from the record before the referee. The Board may not consider extra-record evidence submitted by the claimant on appeal.[2]

(*Id.*)

On appeal to this Court,[3] Claimant essentially argues the following: (1) the Board erred in its conclusion that Claimant voluntarily quit her position with Employer; and (2) the Board erred in its conclusion that Claimant did not have a necessitous and compelling reason for her voluntary separation from Employer.[4]

---

[2] In her petition for appeal to the Board, Claimant contended that she did not resign on June 15, 2018. Rather, she left due to a mental illness that caused her to be unable to function, which is why she did not return Employer's telephone calls. She further averred that she sought treatment and was hospitalized. She also stated in her appeal to the Board that her leaving employment had nothing to do with her position; rather, she was ill and left to seek help. (C.R., Item No. 10 at 4-5.) Claimant's explanation for leaving work differed from the testimony Claimant provided to the Referee. The Board did not consider Claimant's explanation, as the Board properly considered only the record created before the Referee. 34 Pa. Code § 101.106; *Han v. Unemployment Comp. Bd. of Review*, 42 A.3d 1155, 1157-58 (Pa. Cmwlth. 2012) (holding that board may only consider evidence within record before referee in its review of claimant's petition for appeal from referee's order.).

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[4] Claimant attached to her brief to this Court several medical records, which purportedly detail her mental illness treatment history. These documents were not part of the record considered by the Referee or the Board. Thus, this Court cannot consider the documents for purposes of Claimant's appeal to this Court. *See Croft v. Unemployment Comp. Bd. of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995) (en banc) (holding it is well-settled that "[t]his Court may not consider auxiliary information appended to a brief that is not part of the certified record on appeal").

First, we will address whether Claimant voluntarily quit her position with Employer. Generally, Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." Whether an employee voluntarily quit or was involuntarily discharged by the employer is a question of law and is determined by considering the totality of the circumstances surrounding the end of the claimant's employment. *Key v. Unemployment Comp. Bd. of Review*, 687 A.2d 409, 412 (Pa. Cmwlth. 1996).

The claimant bears the burden to prove that her separation from employment was involuntary or that she had a necessitous and compelling reason to voluntarily quit her position with the employer. *Spadaro v. Unemployment Comp. Bd. of Review*, 850 A.2d 855, 859-60 (Pa. Cmwlth. 2004). A finding of voluntary separation is precluded unless there is a conscious intention to leave the employment. *Fekos Enters. v. Unemployment Comp. Bd. of Review*, 776 A.2d 1018, 1021 (Pa. Cmwlth. 2001). An employee is deemed to have voluntarily quit her position when, without action from the employer, she leaves or quits work without informing her employer when or if she is planning to return within a reasonable time. *Iaconelli v. Unemployment Comp. Bd. of Review*, 892 A.2d 894, 896 (Pa. Cmwlth. 2006); *see also Simpson v. Unemployment Comp. Bd. of Review*, 395 A.2d 309, 310-11 (Pa. Cmwlth. 1978) (holding employee voluntarily quit his position after he failed to come to work for eleven days and failed to communicate to employer his return to work date). The Board is the ultimate finder of fact and has the exclusive power to resolve conflicts in the evidence and to decide witness credibility. *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

7

Here, Claimant argues that she did not voluntarily quit her position with Employer because her mental illness made it impossible for her to work. The Board argues that Claimant did voluntarily quit her position because "Claimant's failure to return to work or communicate with Employer her intent to return to work evidenced her intent to quit." (Respondent's Br. at 7.) We agree with the Board. In the case before this Court, the record indicates that Claimant left work and neither returned nor communicated with Employer regarding her absence from work or her intention to return to work. (C.R., Item No. 8 at 9-10.) It is apparent that Employer attempted to contact Claimant regarding the continuing work it had available for her, and Claimant never attempted to return any of Employer's calls. (*Id.* at 9, 12.) The Board, therefore, did not err in its conclusion that Claimant had voluntarily quit her employment.[5]

We next consider whether Claimant had a necessitous and compelling reason for her voluntary separation from her position with Employer. Determining whether a claimant had a necessitous and compelling reason to voluntarily quit is a question of law that is reviewable by this Court. *Wasko v. Unemployment Comp. Bd. of Review*, 488 A.2d 388, 389 (Pa. Cmwlth. 1985). A claimant bears the burden to prove that she had a necessitous and compelling reason to quit her position with her employer voluntarily. *Fitzgerald v. Unemployment Comp. Bd. of Review*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998), *appeal denied*, 794 A.2d 364 (Pa. 1999). A claimant must demonstrate the following to establish a necessitous and compelling reason: (1) circumstances existed that produced real and substantial pressure to

---

[5] Claimant attached to her amended reply brief materials that she purports support her argument on appeal. These attachments do not appear in the certified record, and, therefore, we do not consider them in the disposition of this appeal. *See Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009) ("This Court may not consider any evidence that is not part of the certified record on appeal.").

8

terminate employment; (2) like circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve employment. *Procito v. Unemployment Comp. Bd. of Review*, 945 A.2d 261, 264 (Pa. Cmwlth. 2008) (en banc). This Court has held that a claimant's "mere dissatisfaction" with her work assignment is not a necessitous and compelling reason to voluntarily quit her position. *Stiffler v. Unemployment Comp. Bd. of Review*, 438 A.2d 1058, 1060 (Pa. Cmwlth. 1982).

In this case, the Board did not err in its conclusion that Claimant failed to prove that she had a necessitous and compelling reason to quit her position. Claimant points to her mental illness and the verbal insult from her co-worker as her necessitous and compelling reason for quitting her position. The Board, however, in making its credibility determinations and findings of fact, found that Claimant left work due to her dissatisfaction with the proposed position transfer, as she left work immediately after learning about the position transfer and she failed to return or to communicate with Employer. Additionally, as indicated by the record, the proposed transfer would place her in another department away from the co-worker who had verbally insulted her.[6] As stated previously, this Court can only consider evidence within the record before the Board. *Croft*, 662 A.2d at 28. The Board, therefore,

---

[6] We note that this Court has previously held that health problems could be a sufficient necessitous and compelling reason to quit one's employment. In order for a claimant to establish health problems as a necessitous and compelling reason to quit her position voluntarily, "the claimant must . . . offer competent testimony that adequate health reasons existed to justify the voluntary termination, . . . have informed the employer of the health problems[,] and . . . be available to work if reasonable accommodations can be made." *Lee Hosp. v. Unemployment Comp. Bd. of Review*, 637 A.2d 695, 698 (Pa. Cmwlth. 1994). Claimant, however, did not inform Employer of any health problems necessitating that she leave employment on June 15, 2018. (C.R., Item No. 8 at 9.)

did not err in its conclusion that Claimant failed to prove that she had a necessitous and compelling reason to quit her position.

For the above reasons, we affirm the order of the Board.


 

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Wishard,                          :
                    Petitioner            :
                                          :
            v.                            :    No. 247 C.D. 2019
                                          :
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :

# **O R D E R**


AND NOW, this 24th day of October, 2019, the order of the Unemployment Compensation Board of Review is AFFIRMED.


_____
P. KEVIN BROBSON, Judge