IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melissa Neuman,      :
    Petitioner   :
          : No. 1131 C.D. 2022
    v.     :
          : Submitted: December 4, 2023
Unemployment Compensation Board :
of Review,      :
    Respondent  :


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE LORI A. DUMAS, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS        FILED: January 3, 2024

   Melissa Neuman has petitioned this Court to review three adjudications of the Unemployment Compensation Board of Review (Board), which affirmed the referees' decisions. Those decisions, in turn, held that Neuman was ineligible for federal pandemic unemployment assistance (PUA) and pandemic unemployment compensation (PUC), and thus was overpaid. Neuman contends that because she was a full-time, self-employed hairdresser, she was eligible for such benefits and thus was not overpaid. We affirm the Board's order at docket number 2022000009-BR (9-BR).[1]

---

[1] This Court ordered that Neuman's petition for review be deemed an appeal of the Board's adjudication at docket number 9-BR. Order, 3/27/23; Order, 12/7/22. This Court also ordered Neuman to file two additional petitions for review "to properly appeal" the Board's adjudications at docket numbers 2022000010-BR (10-BR) and 2022000011-BR (11-BR). Order, 3/27/23; Order, 12/7/22. We ordered that if Neuman failed to file these additional petitions for review, then we would hold that Neuman abandoned her appeals from those two docket numbers. Order, 3/27/23; Order, 12/7/22. Because Neuman inexplicably failed to comply with this Court's orders, we

# I. BACKGROUND[2]

Neuman was employed as a part-time fitness instructor, and her last day of work prior to the pandemic was March 16, 2020. Bd.'s Decision at 1; Notes of Testimony (N.T.) Hr'g, 12/8/21, at 5.[3] Neuman was also self-employed as a hairstylist, and her last day of work was March 18, 2020. Bd.'s Decision at 1. Neuman applied for, and received, regular state unemployment compensation benefits from her part-time employment. *Id.* at 1-2; N.T. Hr'g at 12 (explaining that Neuman received the maximum "allowable regular unemployment" as a part-time fitness instructor). Neuman also applied for, and was approved for, federal PUA.[4] Bd.'s Decision at 1; Monetary Determination Pandemic UI Assistance, 5/7/20 (notifying Neuman that she was financially eligible for federal PUA of $195 per week).

_____

reluctantly hold that she abandoned her appeals from docket numbers 10-BR and 11-BR. We discuss this in further detail below.

[2] Unless stated otherwise, we adopt this background from the Board's Decision. *See* Bd.'s Decision, 9/20/22. We add that we review the record in the light most favorable to the prevailing party and give that party the benefit of all logical and reasonable inferences. *Begovic v. Unemployment Comp. Bd. of Rev.*, 234 A.3d 921, 929 n.6 (Pa. Cmwlth. 2020). Finally, as we discuss in further detail below, the referee apparently issued three decisions and Neuman appealed all three decisions to the Board. The Board, in turn, issued three separate decisions, but Neuman formally appealed only one of those decisions.

[3] Because the only record transmitted to this Court was at Board docket number 9-BR, we cite to that record.

[4] Briefly, federal PUA "provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to work and available for work within the meaning of applicable state law, except that they are unemployed, partially unemployed, or unable or unavailable to work due to COVID-19-related reasons." *Irvin v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1123 C.D. 2020, filed Oct. 18, 2021), slip op. at 2 n.2, 2021 WL 4822899, *1 n.2 (citation omitted). Federal PUC is a separate benefits program. *See Washington v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1513 C.D. 2022, filed Nov. 3, 2023), slip op. at 2, 2023 WL 7271287, *1. The former is authorized under 15 U.S.C. § 9021(h), and the latter is authorized under 15 U.S.C. § 9023(f)(2)-(3). *Id.* We may cite to unreported opinions as persuasive authority. 210 Pa. Code § 69.414(a).

Subsequently, the Department of Labor and Industry (Department) determined that Neuman was ineligible for federal PUA because she "claimed [federal] benefits while [she was] eligible for a regular unemployment claim in Pennsylvania." Notice of Determination Non-Fraud PUA Overpayment, 3/29/21;[5] Bd.'s Decision at 2. As a result, the Department determined there was a "non-fraud overpayment" and directed Neuman to repay $3,170 of federal PUA. Notice of Determination Non-Fraud PUA Overpayment; Bd.'s Decision at 2. Because Neuman was ineligible for federal PUA, the Department reasoned Neuman was *also* ineligible for federal PUC. Bd.'s Decision at 2. In total, the Department assessed Neuman for an overpayment of $3,170 of federal PUA and almost $7,000 of federal PUC. *Id.*

Neuman untimely appealed to the referee, which held an evidentiary hearing. *See generally* N.T. Hr'g. At the hearing, Neuman testified about an August 2020 $752 federal PUA payment that was deposited on a "ReliaCard." *Id.* at 14. Neuman testified that she did not spend the $752 because she was "no longer claiming a weekly benefit," and that in February 2021, that amount was removed from the card. *Id.* (referencing ReliaCard statements that were presented at the hearing). Neuman also presented her bank statement that purports to reflect no deposit of $752, *i.e.*, a transfer of $752 from the ReliaCard to her bank.[6] *Id.* The referee, however, ultimately dismissed Neuman's appeal as untimely. Appeals

---

[5] Although the instant notice of determination was for federal PUA overpayment, the notice *also* stated it was because Neuman was ineligible. Neuman, however, disregarded this Court's orders to file petitions for review of the Department's two other notices of determination: federal PUA ineligibility and federal PUC overpayment, which were filed at Board docket numbers 10-BR and 11-BR, respectively.

[6] Neuman did not elaborate on the significance of the $752 figure. Per the Board, the Department had issued Neuman a single payment of $752, "which reflect[ed] the increase in her [weekly benefits] from $195 to $259." Board's Br. at 8.

Referee Decision – PUA, 12/13/21.[7]

Neuman timely appealed the referee's decisions to the Board.[8] The Board held that Neuman was eligible for state unemployment compensation. Bd.'s Decision at 3. Because she was eligible, the Board reasoned Neuman was ineligible for federal PUA and, by extension, federal PUC. *Id.* (citing 15 U.S.C. § 9021(a)(3)(A)(i)). The Board also rejected Neuman's testimony that she only received $195 per week of benefits because, per the Board, the record established that she received $259 per week.[9] *Id.*

Neuman timely filed a single petition for review from the Board's three decisions at dockets number 9-BR, 10-BR, and 1l-BR. She requests that this Court reverse the Board's three decisions, find her eligible for federal PUA and PUC, and reverse the Board's finding that she was overpaid. Pet. for Review at 2; Neuman's Br. at 14.[10]

## II. SCOPE OF THIS APPEAL

Before addressing Neuman's issue, we resolve the scope of this appeal.

---

[7] Because we do not have the agency records for docket numbers 10-BR and 1l-BR, we do not have the referee's decisions. But we may infer that the referee similarly dismissed Neuman's appeals at those two docket numbers as untimely. *See also* Bd.'s Decision at 2-3. We add that at the hearing, the referee stated that Neuman could only collect benefits "from one program. So either one. So regular or PUA. She cannot collect from both programs." N.T. Hr'g at 17-18. The referee implicitly reasoned that if she could not collect federal PUA, then she could not collect federal PUC. *See id.*

[8] At all three docket numbers, the Board vacated the referee's decisions, reinstated Neuman's appeals, and addressed the merits. Bd.'s Decision at 2-3 (excusing Neuman's failure to timely appeal to the referee due to her recovery "from COVID-19 pneumonia and leukemia such that she needed assistance to file her appeals); *see also* Pet. for Review; *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1132 (Pa. 1996) (reinstating the appellant's untimely appeal from a Department decision to the referee); 43 P.S. § 824 (stating the Board may review any claim pending before the referee based on evidence of record).

[9] The Board did not credit Neuman's testimony regarding the singular $752 payment.

[10] It does not appear that Neuman has applied to waive repayment of any overpayments.

4

Specifically, we address whether we are limited only to Neuman's appeal to the Board's determination of her federal PUA *overpayment* at docket number 9-BR, or whether we can *also* address her appeals regarding her federal PUA *eligibility* and PUC *overpayment* at docket numbers 10-BR and 11-BR.

We glean the following from the record at docket number 9-BR transmitted to this Court. Docket numbers 10-BR and 11-BR correspond with referee office docket numbers 2021009643-AT and 2021019487-AT. *See* N.T. Hr'g at 3-4; Notice of Telephone Hearing PUA Appeal, 11/29/21. Those two referee office docket numbers, in turn, refer to the following two Department determinations: (1) a notice that Neuman was not eligible to receive federal PUA benefits; and (2) a notice of a non-fraud federal PUC overpayment. N.T. Hr'g at 3-4. The instant appeal, docket number 9-BR, corresponds to referee office docket number 2021009645-AT, which in turn references a "determination ID" of 7435439, *i.e.*, a notice of a non-fraud federal PUA *overpayment*. *Id.* at 4; *accord* Notice of Determination Non-Fraud PUA Overpayment.

As discussed herein, Neuman appealed from all three Department determinations to the referee, which held a single hearing. *See* N.T. Hr'g at 1 (stating the hearing was to address the issues raised at all three referee office docket numbers). Following the hearing, the referee apparently issued three separate decisions. *See* Appeals Referee Decision – PUA, 12/13/21 (reflecting only one of the three docket numbers and the determination ID number of 7435439). The instant record contains Neuman's notice of appeal to the Board, which references only the federal PUA overpayment determination ID number. Claimant's Appeal from Referee's Decision, 1/2/22. In turn, the Board issued three separate decisions for

5

docket numbers 9-BR, 10-BR, and 1l-BR.[11]

In summary, the instant record and appeal is for docket number 9-BR, *i.e.*, the Department's determination of a non-fraud federal PUA *overpayment*. The other two Board decisions pertain to the Department's determinations of federal PUA *eligibility* and PUC *overpayment*.

This Court ordered Neuman to file petitions for review from the two other Board decisions resolving Neuman's federal PUA *eligibility* and PUC *overpayment*. We repeatedly emphasized that Neuman's "failure to file separate petitions for review shall result in the abandonment of any appeal from" those two Board decisions. Order, 3/27/23; Order, 12/7/22. Neuman failed to file separate petitions for review from the two *other* Board docket numbers. Thus, we are constrained by our prior orders to hold that Neuman abandoned appellate review of her federal PUA *eligibility* and PUC *overpayment*, leaving only the issue of her federal PUA *overpayment* before this Court.[12] *See* Order, 3/27/23; Order, 12/7/22.[13]

---

[11] We observe that although the Board issued its decisions under separate docket numbers, they are substantially identical. *Compare* Bd.'s Decision, Docket No. 9-BR, *with* Bd.'s Decision, Docket No. 10-BR, *and* Bd.'s Decision, Docket No. 1l-BR. Neuman attached all three Board decisions to her petition for review. *See generally* Pet. for Rev., 10/18/22.

[12] In a reply brief, Neuman fails to address this Court's prior orders but maintains it was unnecessary for her to file petitions for review for docket numbers 10-BR and 1l-BR. Reply Br. at 6-7.

[13] In *Croft v. Unemployment Compensation Board of Review*, 662 A.2d 24 (Pa. Cmwlth. 1995) (*en banc*), this Court resolved a similar situation. In *Croft*, nine claimants appealed to the Board after the Department denied them unemployment compensation benefits. *Croft*, 662 A.2d at 27. The Board denied relief adverse to the claimants in nine separate opinions. *Id.* The nine claimants filed a singular petition for review to this Court, and the Board filed a motion to quash. *Id.* The Court denied the motion to quash because, *inter alia*, (1) "the Board's nine opinions are identical save for . . . minor differences"; and (2) the "issues raised as to all orders are precisely the same." *Id.* at 28. The *Croft* Court cautioned, however, that "the practice of filing one appeal from multiple orders is strongly disapproved and in the future, the Court will quash single appeals from multiple orders unless otherwise dictated by compelling circumstances." *Id.*; *see also* Pa.R.A.P. 341 note.

## III. ISSUE[14]

Neuman essentially challenges her federal PUA overpayment. Neuman's Br. at 12.

## IV. DISCUSSION

With respect to the federal PUA overpayment, Neuman disputes the Board's rejection of her testimony that she did not receive $259 of federal PUA benefits per week. *Id.* She also refers to an August 2020 bank statement that, in her view, "showed no deposit of the amount at issue, $752, was posted." *Id.*[15]

---

In a different context, this Court quashed the plaintiff's appeal from multiple final orders. *M.R. Mikkilineni v. Amwest Surety Ins. Co.*, 919 A.2d 306, 311-12 (Pa. Cmwlth. 2007) (*Mikkilineni*). The procedural posture is complex but as relevant here, before transferring the appeal to this Court, the Superior Court had ordered the plaintiff to file separate notices of appeal from each final order. *Id.* at 310. Because the plaintiff failed to comply, this Court quashed in part, reasoning that it found "no compelling circumstances justifying the failure to file separate appeals of the trial court's multiple final orders . . . ." *Id.* at 313-14. The *Mikkilineni* Court then resolved "the only order properly appealed . . . ." *Id.* at 314. *Cf. Port Auth. of Allegheny Cnty. v. Unemployment Comp. Bd. of Rev.*, 48 A.3d 1288, 1289 n.2 (Pa. Cmwlth. 2012) (*Port Authority*) (declining to quash a single appeal from three Board orders). It does not appear, however, that the *Port Authority* Court had ordered the petitioner to file separate petitions for review. *See id.*; *see also* Order, 3/27/23; Order, 12/7/22.

[14] We review the Board's decision to determine "whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence." *Frazier v. Unemployment Comp. Bd. of Rev.*, 833 A.2d 1181, 1183 n.4 (Pa. Cmwlth. 2003) (citation omitted).

[15] We acknowledge that Neuman also argues that she received the "maximum allowable regular" unemployment compensation benefits from her part-time job but sought federal PUA "over and above the regular" benefits "to help cover for the loss of her full-time self-employment as a hairdresser." Neuman's Br. at 11. She maintains that she "was not interested in duplicating benefits, but instead was attempting to receive" federal PUA because she could not work as a hairdresser. *Id.* at 11-12. Neuman argues that because her "primary employment was her self-employment," the Board should have found her eligible for federal PUA. *Id.* at 13. In other words, Neuman reasons that her part-time job, which supplemented the income from her full-time self-employed job, should not have disqualified her from receiving federal PUA. *Id.* at 13-14.

The Board summarily counters that Neuman was ineligible for federal PUA. Bd.'s Br. at 6. In the Board's view, Neuman's federal PUA *eligibility* "is not part of this appeal." *Id.* at 7. With respect to the Board's determination that Neuman was *overpaid* $259 of federal PUA benefits

7

We view the record in the light most favorable to the prevailing party, including the benefit of all logical and reasonable inferences, to determine if substantial evidence exists for the Board's conclusion. *Begovic*, 234 A.3d at 929 n.6. "Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Woodring v. Unemployment Comp. Bd. of Rev.*, 284 A.3d 960, 964 (Pa. Cmwlth. 2022) (citation omitted). If substantial evidence supports the Board's findings of fact, then it is immaterial that the record could support a contrary finding. *Morgan v. Unemployment Comp. Bd. of Rev.*, 108 A.3d 181, 185 (Pa. Cmwlth. 2015) (*en banc*). In addition to resolving conflicts of evidence, the Board also resolves witness credibility. *Lowman v. Unemployment Comp. Bd. of Rev.*, 235 A.3d 278, 286 n.8 (Pa. 2020); *see generally Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383, 1389 (Pa. 1985) (rejecting argument that the referee should have the exclusive power to resolve credibility).

Instantly, in support of her contention that she did not receive $259 per week, Neuman only relies on her testimony and evidence. But it was for the Board to resolve any conflicting evidence, and it rejected Neuman's testimony and evidence in favor of contrary documentary evidence. *See Lowman*, 235 A.3d at 286 n.8; *see also* Notice of Determination Non-Fraud PUA Overpayment; Bd.'s Decision at 3 (stating that Neuman's "weekly benefit amount was changed to $259 and the record shows that she received that amount for the weeks ending March 28 to June 13, 2020"). To the extent that Neuman refers this Court to a bank statement reflecting no $752 deposit, she failed to explain how it demonstrated the absence of substantial evidence establishing a federal PUA overpayment. *See Woodring*, 284 A.3d at 964;

per week, the Board cites to its records that she did, in fact, receive $259 per week. *Id.* at 8. As discussed herein, we only address Neuman's challenge to the Board's determination of her federal PUA overpayment.

8

*see also* Notice of Determination Non-Fraud PUA Overpayment (listing, in tabular form, a $259 weekly overpayment).

## V. CONCLUSION

For these reasons, we affirm the Board's decision holding that Neuman received federal PUA overpayments. Because of our prior orders, we also hold that Neuman abandoned her appeals to the extent she challenged the Board's decisions that she was ineligible for federal PUA and received PUC overpayments. Order, 3/27/23; Order 12/7/22.

_____

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melissa Neuman,                        :
              Petitioner               :
                                        :   No. 1131 C.D. 2022
              v.                       :
                                        :
Unemployment Compensation Board        :
of Review,                             :
              Respondent               :

# **O R D E R**


AND NOW, this 3rd day of January, 2024, we AFFIRM the September 20, 2022 order of the Unemployment Compensation Board of Review.


                                                         _____

                                                     LORI A. DUMAS, Judge