Henry J. DeLuca, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 4, 1982, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Shelley W. Elovitz, Watzman & Elovitz,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, May 3, 1983:

Before this Court is an appeal by Henry J. DeLuca (Petitioner) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits pursuant to Section 402.1 of the Unemployment Compensation Law (Law).[1]

There is no dispute as to the pertinent facts in this matter. Petitioner, as a teacher employed by the Allegheny Intermediate Unit, was traditionally proffered employment contracts which provided him with

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended,* 43 P.S. §802.1, *added by* Section 5 of the Act of July 6, 1977, P.L. 41 *as amended.*

work 11.25 months per year by retaining his services for both the traditional school terms and the Unit's special summer session. In 1980, however, budget constraints mandated a reduction in the summer program. Thus, when Petitioner's contract for the 1979-80 school year expired on or about June 30, 1980, Petitioner was informed that, rather than renewing his contract immediately as it had in the past, the Unit would not renew his contract until the next regular term commenced in September. The new contract, of lesser duration, reduced Petitioner's salary proportionately. Under the provisions of a special short term contract, Petitioner was able to work for the Unit until July 25. He was unemployed from then until September, and he filed a claim for unemployment compensation for that period. The Office of Employment Security denied the claim, as did a referee following a hearing, on the basis of Petitioner's status as a teacher who had a reasonable expectation of employment in the Unit's next regular academic term. The Board affirmed and the appeal to this Court followed in which Petitioner contends the denial of benefits was predicated on an error of law.

It is well settled that a teacher who is unemployed during a break between academic terms, and who has a reasonable expectation of employment in the second of said terms which he intends to accept is not entitled to unemployment compensation. Section 402.1(1) and 402.1(4) of the Law, 43 P.S. §§802.1(1) and 802.1(4). See Foti v. Unemployment Compensation Board of Review, 60 Pa. Commonwealth Ct. 128, 430 A.2d 1043 (1981); Partridge v. Unemployment Compensation Board of Review, 60 Pa. Commonwealth Ct. 47, 430 A.2d 735 (1981).

Before this Court, Petitioner argues that Sections 402.1(1) and 402.1(4) of the Law are inapplicable to his claim because he was usually employed by the Unit

over the summer and his unemployment was not because of a break between academic terms but rather because of fiscal problems. In essence, he is contending that, when in determining whether Section 402.1-(1) or 402.1(4) is applicable to a claim for unemployment compensatioon, the Board must look not only at the nature of the period of unemployment, *i.e.,* a break between terms, and whether the claimant expects to be employed when school recommences, but also to the actual reason for his unemployment, if there is one, and whether the claimant desired to work. We disagree.

Neither section of the Law at issue herein contains any language limiting its applicability to unemployment *resulting* from the period between terms.[2] Under the plain language of the Law, the only relevant

---

[2] Sections 402.1(1) and 402.1(4) of the Law, 43 P.S. §§802.1(1) and 802.1(4) read, in pertinent part:

    (1) With respect to service performed after December 31, 1977, in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

    . . . .

    (4) With respect to weeks of unemployment beginning after January 1, 1979, benefits shall be denied to an individual who performed services in or near an educational institution while in the employ of an educational service agency for any week which commences during a period described in clauses (1) . . . if such individual performs any services described in clause (1) . . . in the first of such

considerations for the Board are whether the Claimant is an individual subject to Section 402.1(1) or 402.1(4), whether the period of unemployment arises during a break or recess, and whether the claimant has a reasonable expectation of employment when school recommences which will be accepted. *See Fitterling v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 113, 398 A.2d 744 (1979). Factors such as whether the claimant actually desired to work during the break and why he was unable to are beyond the scope of the Board's consideration. To rule otherwise would conceivably subject school districts to unemployment compensation claims not only from individuals such as Petitioner who, in essence, had a summer job built into his previous employment contracts, but also from individuals denied jobs held outside the school system in previous summers, despite the obvious limitation on their availability for suitable work engendered by the fact that they will return to their jobs in the school district in the fall. *See Fitterling.* Such a circumstance would not only be contrary to the plain language of Sections 402.1(1) and 402.1(4) of the Law, but also to the legislative intent obvious from their adoption by the General Assembly. Accordingly, we affirm the Board's denial of benefits.

ORDER

Now, May 3, 1983, the decision and order of the Unemployment Compensation Board of Review, in the above captioned matter, No. B-189807, dated November 2, 1980, is hereby affirmed.

---

periods, as specified in the applicable clause, and there is a contract or a reasonable assurance, as applicable in the appropriate clause, that such individual will perform such services in the second of such periods, as applicable in the appropriate clause.

## Amended Order

The order of this Court previously entered on May 3, 1983, is hereby amended to read as follows:

> The order of the Unemployment Compensation Board of Review at No. B-189807 dated November 20, 1980, is hereby affirmed.