134 Pa. Commonwealth Ct. 80 (1990)
578 A.2d 78
COMMONWEALTH of Pennsylvania, DEPARTMENT OF EDUCATION, SCOTLAND SCHOOL FOR VETERANS' CHILDREN, Petitioner,
v.
COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.
Commonwealth Court of Pennsylvania.
Submitted February 2, 1990.
Decided July 17, 1990.
Reargument Denied September 6, 1990.
*81 Roger R. Seip, Asst. Counsel, with him, Ernest N. Helling, Acting Chief Counsel, Harrisburg, for petitioner.
Maribeth Wilt-Seibert, Asst. Counsel, with her, Clifford F. Blaze, Deputy Chief Counsel, for respondent.
Before CRUMLISH, Jr., President Judge, PELLEGRINI, J., and SILVESTRI, Senior Judge.

OPINION
CRUMLISH, Jr., President Judge.
Scotland School for Veterans' Children (Scotland School)[1] appeals an Unemployment Compensation Board of Review order upholding a referee's decision to grant benefits to Sylvia Williams. We affirm.
Williams was employed as a houseparent during the School's 1987 and 1988 academic years. At the completion of the 1987 academic term in June, Williams accepted limited duty for the summer of 1987. In addition, Williams applied for benefits for the summer weeks she did not work. The Office of Employment Security denied benefits. The referee awarded benefits, however, determining that *82 Williams was a year-round employee. The Board affirmed the referee's decision.
On appeal, Scotland School argues that Williams had a reasonable assurance of returning to work as a houseparent in 1988 and therefore was not entitled to benefits under Section 402.1(2) of the Unemployment Compensation Law,[2] which provides:
(2) With respect to services performed in [a non-academic capacity] for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms.
In this case, the referee concluded that Williams was employed as a year-round employee and thus did not fall within that category of employees who are denied benefits under Section 402.1(2). We agree.
Our General Assembly saw fit to disqualify school employees from receiving benefits during summer and other term breaks. Penn Hills School District v. Unemployment Compensation Board of Review, 496 Pa. 620, 437 A.2d 1213 (1981). It is settled law that teachers and other school employees not working during term breaks who can reasonably expect to return are not entitled to unemployment compensation benefits. DeLuca v. Unemployment Compensation Board of Review, 74 Pa.Commonwealth Ct. 80, 459 A.2d 62 (1983).
The record shows that Williams performed houseparent services full-time during the normal regular school year, alternating shifts every five weeks. Williams was also *83 scheduled as much as possible during the summer session, when the number of students decreased from over 300 to 100. During the summer Williams continued her duties for those students who resided at Scotland year-round, and her schedule consisted of full-time weeks with little or no work the following week. (R. 16a.) The evidence of regular (though not full-time) summer scheduling, supports the finding that she was not an employee of the academic year but was employed year-round, and obviates any further discussion on the "reasonable assurance" doctrine of Section 402.1(2).
Scotland additionally argues that summer work was offered on an "as needed" basis with no agreement as to availability or continuity of such employment and thus Williams was not entitled to unemployment benefits. However, the Board's findings of availability for full-time work is supported by substantial record evidence and as such is binding upon this appellate court. Taylor v. Unemployment Compensation Board of Review, 474 Pa. 351, 378 A.2d 829 (1977).
For the foregoing reasons, we affirm the decision of the Board awarding benefits to Williams.

ORDER
The Unemployment Compensation Board of Review decision, No. B-274854 dated July 13, 1989, is affirmed.
NOTES
[1] Commonwealth of Pennsylvania, Scotland School for Veterans' Children is a residential school for children, grades 1-12, which operates year-round with a summer session of June through August.
[2] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, added by the Act of July 6, 1977, P.L. 41, as amended, 43 P.S. § 802.1(2).