Charles M. GLASSMIRE, Petitioner

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 28, 2004.

Decided Aug. 10, 2004.

Charles M. Glassmire, petitioner, pro se.

Paul R. Jordan, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Charles M. Glassmire (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) finding Claimant ineligible for benefits under Section 402.1(1) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed as an instructor at the Community College of Allegheny County (Employer) on a part-time basis with his last day of work being May 18, 2003. Claimant filed an application for unemployment compensation benefits with the UC Service Center, which disapproved benefits for claim weeks ending June 21, 2003 through July 26, 2003. Claimant filed a timely appeal and the matter was heard before a referee. The referee affirmed and denied benefits. Claimant then appealed the referee's decision to the Board.

The Board adopted the findings and conclusions of the referee, which are summarized as follows. Claimant has been employed by Employer since 1994. During

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *added by* Act of July 6, 1977, P.L. 41, *as amended*, 43 P.S. § 802.1(1). This section provides:

Benefits based on service for educational institutions pursuant to Article X, XI or XII shall as hereinafter provided be payable in the same amount, on the same terms and subject to the same conditions as outlined in section 404(g); except that:
(1) With respect to service performed after December 31, 1977, in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.
43 P.S. § 802.1(1). This section was added to preclude teachers from receiving unemployment benefits during summer months between academic years. *Borough of Pleasant Hills v. Unemployment Compensation Board of Review*, 64 Pa.Cmwlth. 410, 440 A.2d 679 (1982).

the last three years, Claimant has not missed any regularly scheduled academic terms. The academic calendar of Employer consists of two semesters, the spring and fall semesters, although the college has abbreviated summer sessions which are not part of the academic year. Claimant teaches classes which are part of the continuing Life Term Learning Program. Claimant taught during the spring of 2003 and had reasonable assurances expected for the fall of 2003. Prior to the conclusion of the spring 2003 semester, Claimant received a letter of reasonable assurance from Employer for the fall 2003 semester. Due to low enrollment, Claimant worked only 12 hours of the 333 hours he was scheduled to work during the summer sessions. Employer's fall semester began August 18, 2003. Claimant was not recalled to work until September 10, 2003.

Based upon these findings, the Board concluded that Claimant had received reasonable assurance[2] of returning to work. Citing *Community College of Allegheny County v. Unemployment Compensation Board of Review*, 160 Pa.Cmwlth. 370, 634 A.2d 845 (1993), *petition for allowance of appeal denied*, 539 Pa. 697, 653 A.2d 1234 (1994), the Board concluded that Claimant was ineligible for benefits pursuant to Section 402.1(1) of the Law. By decision dated December 3, 2003, the Board affirmed the referee's decision and denied benefits. Claimant now petitions for review from that determination.[3]

Claimant raises the following issues for our review:

1. Whether Claimant had reasonable assurance of continued employment when the economic terms and conditions of the job offered in the second period were substantially less than the terms and conditions for the job in the first period.

2. Whether Claimant had a bona fide offer of employment during the period in question or just the mere possibility of reemployment.

3. Whether Claimant received a "reasonable assurance" of reemployment as defined by law.

4. Whether the Board erred in failing to apply federal guidelines issued by the United States Department of Labor (DOL) in its Unemployment Insurance Program Letter No. 4–87 (UIPL 4–87).

5. Whether Claimant's work schedule conforms to the calendar of the regular academic credit instruction program.

6. Whether this case is distinguishable from the circumstances involved in *Community College of Allegheny County.*

Claimant contends that Employer failed to provide him with a reasonable assurance of employment because the economic terms and conditions of the work offered to him in the summer and fall semesters for 2003 were substantially less

2. "Reasonable assurance" refers to representations made by an employer to a teacher that the teacher will return to work after the summer break to teach during the next academic year. *Bornstein v. Unemployment Compensation Board of Review*, 69 Pa.Cmwlth. 521, 451 A.2d 1053 (1982). What constitutes reasonable assurance is a matter to be determined by the Board based on the facts of the case. *Id.*

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Burger v. Unemployment Compensation Board of Review*, 569 Pa. 139, 801 A.2d 487 (2002).

than that offered to him in the spring 2003 semester. We disagree.

■ To begin, unemployment compensation benefits for services performed in an instructional, research, or principal administrative capacity for an educational institution are governed by Section 402.1 of the Law. Section 402.1(1) requires the denial of benefits for any week of unemployment commencing during the period between two successive academic years if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms. 43 P.S. § 802.1(1). In other words, a teacher who is unemployed during a break between academic terms, and who has a reasonable expectation or assurance of employment, which he or she intends to accept, in the next term is not entitled to unemployment compensation. *DeLuca v. Unemployment Compensation Board of Review*, 74 Pa. Cmwlth. 80, 459 A.2d 62, 64 (1983).

■ The intent of the General Assembly in passing Section 402.1 was "to eliminate the payment of benefits to school employees during summer months and other regularly scheduled vacations, on the rationale that such employees are able to anticipate and prepare for these nonworking periods." *Haynes v. Unemployment Compensation Board of Review*, 65 Pa.Cmwlth. 541, 442 A.2d 1232, 1233 (1982); *Borough of Pleasant Hills.* "The law thus recognizes that these employees are not truly unemployed or suffering from economic insecurity during scheduled recesses." *Haynes*, 442 A.2d at 1233.

■ Section 402.1(1) does not require a guarantee, but only a reasonable assurance of reemployment. *Goralski v. Unemployment Compensation Board of Review*, 48 Pa.Cmwlth. 39, 408 A.2d 1178 (1979).

The term "reasonable assurance," while not defined by the Law, has been defined by regulation. Section 65.161 of the regulations defines "reasonable assurance" as:

(a) For purposes of section 402.1 of the law (43 P.S. § 802.1), a contract or reasonable assurance that an individual will perform services in the second academic period exists only if both of the following conditions are met:

(1) The educational institution or educational service agency provides a bona fide offer of employment for the second academic period to the individual.

(2) The economic terms and conditions of the employment offered to the individual for the second academic period are not substantially less than the terms and conditions of the individual's employment in the first academic period.

34 Pa.Code § 65.161. In short, Section 65.161(a) creates a two-part conjunctive test for determining whether or not a reasonable assurance exists—the employer must provide a "bona fide offer of employment for the second academic period" with economic terms and conditions that are "not substantially less than" those provided in first academic period. *Id.* The economic terms and conditions of employment include wages, benefits and hours of work. 34 Pa.Code § 65.161(c). "What constitutes reasonable assurance must be determined by the Board's examination of all relevant facts." *Neshaminy School District v. Unemployment Compensation Board of Review*, 57 Pa.Cmwlth. 543, 426 A.2d 1245, 1247 (1981); *Goralski.*

Applying this standard to the instant case, substantial evidence supports the Board's finding that the terms and conditions offered by Employer were not substantially less than that which was previously offered. Claimant has been employed with Employer since 1994. During the last three years of employ-

ment, Claimant has taught part-time in Employer's continuing Lifetime Learning Program and has not missed any regularly scheduled academic terms. By letter dated April 24, 2003, Employer offered continued part-time employment for the fall 2003 semester, subject to enrollment and final course offerings. Contrary to Claimant's assertions, the economic terms and conditions offered by Employer were not substantially less than those under which Claimant worked in the spring 2003 semester, but were the same. The April 24th letter offered continuing part-time employment for the fall 2003 semester, just as it had in the spring 2003 semester. While Claimant argues that the wages and hours that he *actually received* for the fall 2003 semester were substantially less than that which he had received in the spring 2003 semester, the focus of our inquiry is whether the terms and conditions *offered* were substantially less at the time the offer was made, without the benefit of hindsight. *See Lyman v. Unemployment Compensation Board of Review,* 76 Pa. Cmwlth. 348, 463 A.2d 1270 (1983) (the reasonableness of an employer's assurance may not be evaluated with the benefit of hindsight). We, therefore, conclude that, *when* the offer was made, the terms and conditions were not substantially less than that which was previously offered.

■ Claimant further argues that Employer's offer was not "bona fide" because Claimant's employment depends upon student enrollment in the non-credited, Life Time Learning classes—a circumstance which is not within Employer's control. We disagree.

Pursuant to the regulations, an offer is *not* bona fide if *both* of the following conditions exist:

(1) The educational institution or educational service agency does not control the circumstances under which the individual would be employed.

(2) The educational institution or educational service agency cannot provide evidence that the individual or similarly situated individuals normally perform services in the second academic period.

34 Pa.Code § 65.161(b). Thus, an employer can meet its burden of demonstrating that it made a "bona fide offer" of employment if it can refute the presence of one of the two conditions.

Here, Claimant's continued employment is dependent on student enrollment. While we agree with Claimant that student enrollment is a circumstance beyond the control of Employer, the evidence presented refutes the second prong of this test. The record demonstrates that Employer normally hires part-time instructors for its continuing education classes. The record further shows a historical pattern wherein Claimant has returned to work for Employer in the successive school year under similar circumstances. Thus, the Board did not err in concluding that Claimant received a bona fide offer of employment for the fall 2003 semester, not a mere possibility of employment.

■ Claimant also argues that the Board erred by failing to apply federal guidelines issued by DOL in UIPL 4–87 to his case. We disagree.

■ Unemployment insurance is a system of cooperative federalism. *Novak v. Unemployment Compensation Board. of Review,* 73 Pa.Cmwlth. 148, 457 A.2d 610 (1983). In order for the state to receive reimbursement for costs of administration it must meet minimum federal compliance standards set forth in the Federal Unemployment Tax Act (FUTA). *Id.* Pursuant to FUTA, a state's unemployment law

must contain a provision similar to 26 U.S.C. § 3304(a)(6)(A)(i),[4] which Pennsylvania has satisfied with the enactment of Section 402.1 of the Law.

To assist State agencies on the interpretation of reasonable assurance, DOL issued UIPL 4–87. However, UIPL 4–87 is not binding authority upon this Court or the agencies of this Commonwealth since it is merely an administrative interpretation of federal law. In fact, the UIPL recognizes that states are not bound by DOL's interpretation of unemployment compensation laws and makes clear that the "State agency is responsible for determining whether a claimant has a reasonable assurance of performing services the following academic year." UIPL 4–87 at page 4.

■ Beyond meeting the federal minimum standards contained in FUTA, the state is free to legislate its own requirements for claimant eligibility. *Novak.* There is nothing in the federal legislation that requires the states to have the same provisions for unemployment or that there can be no variation in the way the same provisions are administered. *Id.* We are bound to follow Pennsylvania law interpreting 402.1 of the Law and not the by the interpretation of "reasonable assurance" set forth in the program letter. That said, Pennsylvania has essentially interpreted the term "reasonable assurance" in accord with UIPL 4–87 through the issuance of its regulations. As discussed above, the Board's decision in this matter is consistent with these regulations.

■ Lastly, relying upon *Department of Education, Scotland School v. Veterans' Children,* 134 Pa.Cmwlth. 80, 578 A.2d 78 (1990), Claimant asserts that he should be considered a year-round employee as the Lifetime Learning Program is a year-round program which does not follow the traditional academic term. We disagree.

In *Scotland School,* the claimant sought unemployment compensation benefits for summer weeks that she did not work. The claimant was employed as a houseparent at a residential school and performed houseparent services full-time during the regular school year. During the summer, the claimant continued her duties for those students who resided at the school year-round, and her schedule consisted of full-time weeks with little or no work the following week. The Board granted benefits and the school appealed. We determined that evidence of regular (though not full-time) summer scheduling, supported the finding that the claimant was not an employee of the academic year but was employed year-round, and obviated any further discussion on the "reasonable assurance" doctrine of Section 402.1(2). *Scotland School.* Thus, we concluded that the claimant was not within the educational employment exclusion of the Law. *Id.*

*Scotland School,* however, is distinguishable from the matter at hand. The claimant in *Scotland School* was a houseparent, not an instructor, subject to Section 402.1(2) of the Law, which pertains to non-instructional employees. Additionally, the record in *Scotland School* supported a finding that the claimant was regularly

4. This section provides, in pertinent part:
   [W]ith respect to services in an instructional ... capacity for an educational institution ... compensation shall not be payable based on such services for any week commencing during the period between two successive academic years or terms * * * to any individual if such individual performs

such services in the first of such academic years (or terms) and if there is a contract or reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

26 U.S.C. § 3304(a)(6)(A)(i).

employed as a houseparent on a year-round basis.

This case, as found by the Board, is more akin to *Community College of Allegheny County*. In *Community College of Allegheny County*, a part-time community college instructor sought unemployment benefits for the period of time during the summer academic session. The Board awarded benefits and the college appealed. On appeal, this Court reversed. We held that summer session was not a "regular term" within the meaning of the Law. *Community College of Allegheny County*. We held that a part-time instructor at a community college was not entitled to benefits for the period during the school's summer academic session where the instructor had reasonable assurance of returning to work in the fall semester, even though he had previously taught summer courses. *Id.* In reaching this decision, we considered factors including: (1) the significant decrease in enrollment during the summer; (2) the definition of the academic calendar as consisting of a fall and spring term; and (3) the varying lengths of course instruction in the summer. *Id.* Consideration of these factors led us to conclude that the summer session at issue was not part of the regular term for purposes of Section 402.1(1). *Id.*

Claimant attempts to distinguish this case on the basis that the instructor in *Community College of Allegheny County* taught credited academic courses whereas Claimant teaches non-credited classes. Claimant claims that non-credit classes do not follow Employer's academic schedule and are offered throughout the year and vary in length from a single day to weeks in length. Claimant's argument, however, ignores the Board's findings. The Board found that Claimant was employed as a part-time instructor and that Employer's academic calendar consisted of two semesters—spring and fall. The Board also found that Employer has abbreviated summer sessions, which are not part of the academic year. These findings have not been challenged and are conclusive on appeal. While Claimant's classes may not have conformed to the traditional academic schedule, Claimant's employment was contingent on student enrollment which significantly decreased during the summer months. Although Claimant's hours were significantly reduced in the summer, Employer reasonably assured Claimant that he would return to work in the fall, which he did.

Based upon our review of the record, the Board's findings are supported by substantial evidence and support a conclusion that Employer's notice to Claimant amounted to bona fide offer of continued employment with terms and conditions that were not less than that which was previously offered. We, therefore, conclude that the Board did not err in determining that Claimant had a "reasonable assurance" that he would work the fall 2003 semester, thereby rendering him ineligible for unemployment benefits under Section 402.1(1).[5]

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 10th day of August, 2004, the order of the Unemployment Compensation Board of Review, at No. B–419530, dated December 3, 2003, is AFFIRMED.

---

5. Although Claimant argues against the fairness of depriving part-time instructors unemployment compensation benefits where they do not have the security of annual contracts, this is an argument better made to the General Assembly than to the courts.