IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Karen Wasniewski, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | No. 771 C.D. 2023 |
| | : | No. 773 C.D. 2023 |
| | : | No. 776 C.D. 2023 |
| Unemployment Compensation | : | No. 777 C.D. 2023 |
| Board of Review, | : | |
| Respondent | : | Submitted: August 9, 2024 |

*OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                          FILED: October 8, 2024


In these consolidated cases, Karen Wasniewski (Claimant), acting *pro se*, petitions for review of the April 19, 2023 orders of the Unemployment Compensation Board of Review (Board), which affirmed the referee's determination that she is ineligible for unemployment compensation (UC) benefits for week ending January 2, 2021, under the relevant provisions of the Unemployment Compensation Law (Law)[1] and the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act).[2] The Board additionally found that Claimant was issued non-fault overpayments in the amount of $217.00 and $300.00 under Section 804(b) of the Law and Section 2104(f) of the CARES Act, respectively. For the reasons stated below, Claimant's petitions for review are dismissed as moot.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

[2] 15 U.S.C. §§ 9001-9034.

## I.     Facts and Procedural History

Claimant began working for the Upper St. Clair School District (Employer) as a nutrition worker on February 1, 2010.  Claimant first worked as a substitute and then transitioned into regular part-time employment on December 14, 2010.  As a school district employee, Claimant worked when school was in session, but not during school breaks.  On July 6, 2017, Employer provided Claimant with a Notice of Reasonable Assurance of Continued Employment advising:

> Employees of [Employer] will continue to be employed from year to year unless notified to the contrary….  If you do not receive notice that your position/employment will be terminated or modified, then you may be reasonably assured that [Employer] intends to retain your services in the same capacity for the following school years and after all holiday breaks contained therein.

(Certified Record (C.R.) at 72.)

Claimant applied for UC benefits for the week ending January 2, 2021, the week of Employer's Christmas/New Year's holiday break.  On May 3, 2021, the Harrisburg UC Service Center (Department) issued a notice of determination that Claimant was ineligible to receive UC benefits under Section 402.1(3) of the Law, *added by* Section 5 of the Act of July 6, 1977, 43 P.S. § 802.1 for that week because she had a reasonable assurance of continued employment after the holiday break.  (C.R. at 21.)  The Department assessed Claimant a non-fault overpayment of $217.00 in UC benefits for week ending January 2, 2021.  (C.R. at 236.)  The Department issued a third determination regarding that same week denying Claimant Federal Pandemic Unemployment Compensation (FPUC) benefits.  The Department issued a fourth determination, assessing a $300.00 non-fraud FPUC overpayment for week ending January 2, 2021.

2

Claimant appealed the Department's orders to a referee, who conducted a consolidated hearing on January 18, 2022. The referee concluded that Claimant had a reasonable assurance of returning to work after Employer's holiday break and affirmed the Department's findings in all respects. Claimant appealed to the Board, which affirmed the orders of the referee on April 19, 2023.

These appeals followed. Of significance to our disposition, the Board has submitted to this Court a verified statement and supporting documentation averring that in December of 2023, the Department wrote off the $300.00 FPUC payment it made to Claimant, relieving her of any obligation to repay it. (Appendix E, Verification of Maria G. Macus, Deputy Secretary for Unemployment Compensation Programs).

## II. Discussion[3]

Claimant's sole argument on appeal focuses on her inability to repay the UC and FPUC benefit overpayments because she is on a low fixed income. Specifically, Claimant maintains:

> I am 80 years old . . . [and] I cannot afford to repay any of this amount as my monthly income is very low and I barely get my bills paid. I am petitioning this decision as **I understand the decision of ineligibility**, but I am unable to pay this money back. None of this was my fault and was not done maliciously. . . . Please accept my request to have this waived.

---

[3] "This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law occurred, or whether necessary findings of fact were supported by substantial evidence." *Tewell v. Unemployment Compensation Board of Review*, 279 A.3d 644, 652 (Pa. Cmwlth. 2022).

(Claimant's Br. at 7) (emphasis added). Construing Claimant's *pro se* brief liberally,[4] we interpret her argument to challenge her legal responsibility to cover the UC and FPUC overpayments made to her for the week ending January 2, 2021.

## A. Claimant's Receipt of Regular UC Benefits

We begin by observing that "unemployment compensation benefits for services performed in an instructional, research, or principal administrative capacity for an educational institution are governed by Section 402.1 of the Law." *Glassmire v. Unemployment Compensation Board of Review*, 856 A.2d 269, 273 (Pa. Cmwlth. 2004). Section 402.1(3) of the Law denies payment of benefits for

> any week which commences during an established and customary vacation period or holiday recess if such individual performed such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

43 P.S. § 802.1(3). With respect to the UC benefit overpayment made to Claimant, Section 804(b) of the Law provides:

> (b)(1) Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but **shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year**, in accordance with the provisions of this paragraph.

---

[4] *See Bowen v. Unemployment Compensation Board of Review*, 311 A.3d 641, 646 n.6 (Pa. Cmwlth. 2024) (noting this Court generally construes *pro se* filings liberally to assess whether we can reach the merits of claim.)

43 P.S. § 874(b)(1) (emphasis added). Accordingly, when overcompensation is paid, even if the claimant is not at fault, it can be recouped from any future UC benefits paid within three years of the benefit year.

Instantly, the Board avers that "Claimant's benefit year ended as of June 12, 2021. Therefore, while the $217.00 non-fault regular UC overpayment cannot be waived, the Department can **only recoup the overpayment against future benefits to which Claimant is entitled until June 11, 2024**." (Board's Br., at 13) (emphasis added). Because the June 2024 timeframe for recoupment of the overpayment has passed, Claimant's argument that she is not responsible for that payment is now moot.

Generally, an issue will be dismissed as moot if there exists no actual case or controversy. *Martinez v. City of Reading Police Department*, 289 A.3d 1136, 1140 (Pa. Cmwlth. 2023). The existence of a case or controversy requires a legal controversy that (1) is real and not hypothetical; (2) affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication; and finally, (3) involves sufficiently adverse parties so as to sharpen the issues for judicial resolution. *Id.* Additionally, "an issue may become moot during the pendency of an appeal due to an intervening change in the facts of the case." *Shirley v. Pennsylvania Legislative Reference Bureau*, 318 A.3d 832, 850 (Pa. 2024). Therefore, "a controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *California Borough v. Rothey*, 185 A.3d 456, 463 (Pa. Cmwlth. 2018).

Here, the dispute concerning Claimant's legal responsibility to cover the UC benefit payments made to her for the week ending January 2, 2021, has been resolved with the passage of time. The statutory framework at issue provides a built-in three-year deadline for the Department's ability to recoup overpayment, and that

time period has lapsed in the instant case. In short, the dispute relating to Claimant's receipt of UC benefits did not continue through all stages of these judicial proceedings and the parties no longer have a personal stake in the outcome of this matter. *California Borough*, 185 A.3d at 463. Accordingly, we dismiss this claim as moot.

### B. Claimant's Receipt of FPUC Benefits

We next address the issue of Claimant's receipt of FPUC benefits in the amount of $300.00 for week ending January 2, 2021. Section 2104(b)(1) of the CARES Act provides:

> **(b)** Provisions of agreement
>
> **(1) Federal Pandemic Unemployment Compensation**
> Any agreement under this section shall provide that the State agency of the State will make payments of regular compensation to individuals in amounts and to the extent that they would be determined if the State law of the State were applied, with respect to any week for which the individual is (disregarding this section) otherwise entitled under the State law to receive regular compensation, as if such State law had been modified in a manner such that the amount of regular compensation (including dependents' allowances) payable for any week shall be equal to--
>
> **(A)** the amount determined under the State law (before the application of this paragraph), plus
>
> **(B)** an additional amount equal to the amount specified in paragraph (3) (in this section referred to as "Federal Pandemic Unemployment Compensation")[.]

15 U.S.C. § 9023(b)(1)(A)-(B).

In the event of FPUC overpayment, Section 2104(f) of the CARES Act states:

> **(f) Fraud and overpayments**

. . . .

**(2) Repayment--** In the case of individuals who have received amounts of Federal Pandemic Unemployment Compensation or Mixed Earner Unemployment Compensation to which they were not entitled, the State shall require such individuals to repay the amounts of such Federal Pandemic Unemployment Compensation or Mixed Earner Unemployment Compensation to the State agency, except that the State agency may waive such repayment if it determines that—

**(A)** the payment of such Federal Pandemic Unemployment Compensation or Mixed Earner Unemployment Compensation was without fault on the part of any such individual; and

**(B)** such repayment would be contrary to equity and good conscience.

**(3) Recovery by State agency**

**(A)** In general--  The State agency shall recover the amount to be repaid, or any part thereof, by deductions from any Federal Pandemic Unemployment Compensation or Mixed Earner Unemployment Compensation payable to such individual or from any unemployment compensation payable to such individual under any State or Federal unemployment compensation law administered by the State agency or under any other State or Federal law administered by the State agency which provides for the payment of any assistance or allowance with respect to any week of unemployment, during the 3-year period after the date such individuals received the payment of the Federal Pandemic Unemployment Compensation or Mixed Earner Unemployment Compensation to which they were not entitled, in accordance with the same procedures as apply to the recovery of overpayments of regular unemployment benefits paid by the State.

15 U.S.C. § 9023(f)(2)(A-B), (3)(A).

Here, as noted, the Board has submitted to this Court a verified statement and supporting documentation averring that the Department has written off the $300.00 FPUC payment made to Claimant, relieving her of any obligation to repay it. (Appendix E, Verification of Maria G. Macus). Therefore, there is no longer a live case or controversy for this Court to consider with respect to Claimant's responsibility to repay the FPUC benefits she received for week ending January 2, 2021. *See Martinez*, 289 A.3d at 1140. Accordingly, we dismiss Claimant's petitions for review as moot.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Karen Wasniewski, | : | CONSOLIDATED CASES |
| Petitioner | : | |
| | : | |
| v. | : | No. 771 C.D. 2023 |
| | : | No. 773 C.D. 2023 |
| | : | No. 776 C.D. 2023 |
| Unemployment Compensation | : | No. 777 C.D. 2023 |
| Board of Review, | : | |
| Respondent | : | |

***PER CURIAM***

***ORDER***

AND NOW, this 8th day of October, 2024, the petitions for review filed by Karen Wasniewski in the above-captioned matters are hereby DISMISSED AS MOOT.